IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHANE MILLER,

          Plaintiff,

v.                                                 CIVIL ACTION NO.   2:21-cv-00059

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Motion for Default Judgment for a Sum to Be Determined by Evidentiary Hearing* (Document 15), *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Set Aside Entry of Default* (Document 16), the *Memorandum of Law in Support of Motion to Set Aside Entry of Default Against Defendant West Virginia Division of Corrections and Rehabilitation* (Document 17), the *Defendants' Motion to Set Aside Default* (Document 18), *Defendants Griffith, Adams, and Morris' Memorandum of Law in Support of Their Motion to Set Aside Default* (Document 19), the Plaintiff's *Response to Defendants' Motion to Set Aside Default* (Document 20), and *Defendants' West Virginia Division of Corrections and Rehabilitation, CO Dale Griffith, Counselor Ryan Adams, and Counselor Morris' Joint Reply to Plaintiff's Response to Their Motions to Set Aside Default* (Document 21).

The Plaintiff filed an amended complaint on April 22, 2021, and submitted proposed summonses on April 23, 2021. The Defendants were served, and answers were due on June 8, 2021. On June 25, 2021, the Court entered an order directing the Clerk to enter default, and on June 29, 2021, the *Entry of Default by Clerk* (Document 12) was docketed. The Plaintiff filed his motion for default judgment on July 12, 2021, and the Defendants filed their motions to set aside default on that same date.

The Plaintiff alleges that he was injured in an attack by his cellmate after the Defendants had been made aware that the cellmate posed a threat. The Defendants are the West Virginia Division of Corrections and Rehabilitation (WVDCR) and three staff members at the Northern Regional Jail.

The individual Defendants indicate that they provided the complaints to the administration at the Northern Regional Jail promptly upon being served so that the insurer for the State of West Virginia could be notified to provide a defense, and the WVDCR likewise indicates that it promptly notified the Board of Risk and Insurance Management of the suit.[1] Counsel was not assigned until June 30, 2021. The Defendants argue that they followed standard procedure to initiate a defense, and an error by someone else caused a delay in the response. They state that there is no history of dilatory action and contend that they responded promptly when made aware of the entry of default. The Defendants further argue that the Plaintiff will not be prejudiced if default is set aside, beyond being required to prove his case. They also assert that they have meritorious defenses to this action and default and urge the Court to permit the matter to proceed to adjudication on the merits.

---

1 These assertions are contained in the Defendants' briefs and not supported by affidavits or documentation.

The Plaintiff argues that the Defendants' failure to supply affidavits or other evidence to support their explanation for the failure to timely respond to the amended complaint supports finding that they have not produced good cause to set aside default.

Under the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause or pursuant to Rule 60(b). Fed. R. Civ. P. 55(c). The Fourth Circuit has established that district courts should consider the following factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). It has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

The Court finds that the entry of default should be set aside to permit resolution on the merits. Procedural information within the knowledge of counsel and parties is often submitted in a filing without supporting evidence. The information presented here is of a similar nature related to the processes utilized by the Defendants, their employer, their insurer, and counsel to initiate a defense. Even if the Court disregarded the reasons for the failure to timely respond, however, the existence of potentially meritorious defenses, the brief delay and prompt response to the entry of default, the lack of any prejudice to the Plaintiff, the absence of any history of dilatory action, and the strong preference for resolution on the merits would all weigh in favor of setting aside the entry of default.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Motion for Default Judgment for a Sum to Be Determined by Evidentiary Hearing* (Document 15) be **DENIED** and that *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Set Aside Entry of Default* (Document 16) and the *Defendants' Motion to Set Aside Default* (Document 18) be **GRANTED**.  The Court further **ORDERS** that the *Entry of Default by Clerk* (Document 12) be **SET ASIDE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     September 8, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA